PER CURIAM.
These cases are disciplinary proceedings initiated by The Florida Bar and are before the Court for consideration of the report of the referee. No petition for review has been filed. Our consideration of the report proceeds pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
Respondent James H. Hardman initially failed to respond to the complaints filed by The Florida Bar. Based on the failure to respond to the complaints and the requests for admissions, the Bar moved for judgment on the pleadings. After the date of the final hearing had been set, the respondent filed an untimely motion for a continuance. The referee granted the Bar’s motion for judgment on the pleadings as to the facts of the alleged misconduct, but bifurcated the issues so that respondent could appear and be heard on the question of the appropriate discipline to be imposed.
*263 The two complaints stated five counts of misconduct. In case no. 69,934, the referee found on count one that respondent had failed to disburse entrusted funds at the agreed time, thereby violating article XI, rule 11.02(4) of the former Integration Rule of The Florida Bar (refusal to deliver trust funds on demand is conversion). On count two, the referee found that respondent was retained to perform legal services for a client and arranged to have another lawyer do the work. Respondent received a fee from the client but then failed to pay the lawyer who did the work. The referee concluded that respondent had converted the funds to his own use thereby violating rules 11.02(3)(a) (an act contrary to honesty, justice or good morals is cause for discipline) and 11.02(4) of former Integration Rule, article XI, and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). On count three, the referee found that respondent agreed to represent a defendant in a civil suit. Respondent failed to attend to the defense of the action and a default judgment was entered. Then he told the client that a motion to vacate the default had been filed when there was no such motion. Then respondent promised to compensate the client for his loss by making installment payments. Three payments were made by checks that were returned for insufficient funds. No further payments were made. The referee concluded that respondent had violated article XI, rule 11.02(3)(a) and Disciplinary Rules 1-102(A)(4), 1-102(A)(6), and 6-101(A)(3) (neglect of a legal matter).
In case no. 69,988, there were two counts. In count one, the referee found that respondent was retained to perform some legal work and received payments for fees and costs. Thereafter he closed his office and moved without notice to the clients. Although he made a partial refund of the fees he received, he retained the remainder and did not perform the agreed legal services. The referee found violations of article XI, rule 11.02(3)(a) and Disciplinary Rules 1-102(A)(4), 1-102(A)(6), 2-110(A)(2) (withdrawal from employment without notice), 6-101(A)(3), 7-101(A)(l) (failure to seek client’s objectives), 7-101(A)(2) (failure to carry out a contract of employment), and 7-101(A)(3) (causing prejudice or damage to a client). On count two the referee found that respondent was employed as director of a local development council. He overpaid himself, deposited the council’s funds to his own account, and used the council’s funds to pay his personal expenses. The referee found that respondent improperly received more than $12,000 in this manner, thereby violating rule 11.-02(3)(a), D.R. 1-102(A)(3) (conduct involving moral turpitude), D.R. 1-102(A)(4), and D.R. 1-102(A)(6).
The referee concluded that respondent in effect abandoned his law practice due to chemical dependency. The referee found that respondent’s belated attempt to establish that he intends and has begun to rehabilitate himself was an insufficient basis for mitigation of discipline. The referee accordingly recommended that respondent be disbarred. We approve the referee’s report and also endorse his statement encouraging the respondent to proceed with the effort at rehabilitation.
Respondent James H. Hardman is hereby disbarred, effective immediately.
The costs of these proceedings are taxed against the respondent. Judgment is entered against James H. Hardman in the amount of $1,447.87, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.